[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action claiming damages for personal injuries sustained as a result of the negligent operation by the defendant Purvis of a motor vehicle owned by the State of Connecticut. The complaint specifically alleges that Purvis was the agent, servant and employee of the State of Connecticut and that the motor vehicle was insured by the State in accordance with General Statutes 52-556 which provides as follows:
 "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."
The law suit instituted by the plaintiff names both the State of Connecticut as a defendant and the defendant Purvis individually. The defendant Purvis has moved to strike the complaint on the grounds that there is no claim that he has acted wantonly, recklessly or maliciously and therefore he is immune from liability pursuant to provisions of General Statutes 4-165 which provides:
 "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." (i.e., Chapter 53, Claims Against the State).
CT Page 4662
The plaintiff claims that its lawsuit is specifically brought under the provisions of General Statutes 52-556 and, therefore, the immunity provided in General Statutes 4-165 is inapplicable to the present action. However, the rights granted to the plaintiff under General Statutes 52-556 provide that she "shall have a right of action against the state to recover damages" and that right is not effected by the present motion which seeks only to strike the claims made against the defendant Purvis individually. Thus, the claim of the plaintiff against the state would survive the granting of the Motion to Strike. The provisions of General Statutes52-556 do not purport to provide the plaintiff with any remedy against the individual defendant and the plaintiff does not make any claim that the defendant Purvis is not an individual described by the specific language of General Statutes 4-165.
Accordingly, the Motion to Strike filed by the defendant Purvis is granted.
RUSH, J.